IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv541

| | |
|---|---|
| CYNTHIA D. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 15].

**DISCUSSION**

On April 14, 2009, the undersigned entered Judgment in favor of the Plaintiff against the Defendant pursuant to sentence four of 42 U.S.C. §405(g). [Doc. 14]. On July 13, 2009, the Plaintiff timely filed a motion pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d),

1

for an award of attorney's fees.  Hoa Hong Van v. Barnhart, 483 F.3d 600, 607 (9th Cir. 2007), *quoting* Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("In sentence-four remands, the Court concluded, 'the [thirty day EAJA] filing period begins after the final judgment ... is entered by the court and *the appeal period has run*, so that the judgment is no longer appealable.'"); 28 U.S.C. §2412(d)(1)(B) (thirty day period from final judgment within which to file motion for attorney's fees); Fed.R.App.P. 4(a)(1)(B) (when the United States is a party, notice of appeal may be filed within sixty days after entry of judgment).  The Defendant has responded that he does not object to the award. [Doc. 17].

Section 2412(d)(1)(A) of Title 28 provides in pertinent part that a "court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought ... against the United States ...  unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  The Defendant does not contest that the Plaintiff was the prevailing party and is entitled to an award.  Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (plaintiff who obtained sentence four remand was prevailing party).  Although the

2

Defendant bears the burden of showing that his position was substantially justified, no statement concerning this issue has been included in the response. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). The Court therefore finds that the Defendant has failed to sustain his burden. Id. In addition, the remand in this case was entered with the Defendant's consent. As a result, the Court finds that the Defendant's prior position was not substantially justified. Uphill v. Barnhart, 271 F.Supp.2d 1086, 1090 n.4 (E.D.Wis. 2003) ("[B]y agreeing that the ALJ's decision should be reversed and remanded, the Commissioner conceded that her pre-litigation position was not substantially justified."); Reynolds v. Barnhart, 2003 WL 21544018 **1 (N.D.Ill. 2003) ("By agreeing to remand the case, the Commissioner essentially agreed that its position was not substantially justified.").

EAJA requires that any award of attorney's fees be reasonable. 28 U.S.C. §2412(d)(2)(A). The Defendant concedes that the fee sought by the Plaintiff is reasonable. [Doc. 17]. Although the Plaintiff has requested an hourly rate in excess of that authorized by the statute ($125 per hour), the Defendant does not object to the rate of $171 per hour and the Court finds that rate warranted due to the increase in the cost of living since

Congress enacted the statute. Spradlin v. Astrue, __ F.Supp.2d __, 2009 WL 1674802 **1 (M.D.Fla. 2009). Moreover, the record shows that the Plaintiff's attorney conducted a thorough and appropriate investigation of the case and expended a reasonable amount of time and resources. Id. Counsel expended 3.5 hours of attorney time and her use of paralegal time, 7 hours at $50 per hour, no doubt decreased the amount of attorney's time necessary. [Doc. 16]. The Court finds the total amount sought of $948 is reasonable.

The Plaintiff has alleged that her net worth did not exceed two million dollars when she filed this action. 28 U.S.C. §2412(d)(2)(B) (defining party as an individual whose net worth does not exceed two million dollars at the time the action was filed). There are also no special circumstances which would make an award of attorney's fees unjust. 28 U.S.C. §2412(d)(1)(A). The Court therefore finds that the attorney's fee should be awarded.

The Plaintiff also moved for an award of costs in the amount of $32.50 for copying charges. The Defendant does not object to the request for costs but does clarify that should the Court finds costs to be appropriate, the United States Attorney must certify the award to the Department of Treasury for payment. It is noted that 28 U.S.C.

§2412(a)(1) does provide for a judgment of costs against the United States. The Court therefore will make the award and leave the administrative details of satisfying payment to the parties.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 15] is hereby **GRANTED** and the Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $980.50 for attorney's fees and costs.

Signed: August 4, 2009

Martin Reidinger
United States District Judge